IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) CROWE'S, INC. ) ) ) Defendant. ) ) | CIVIL ACTION NO. JURY TRIAL DEMANDED |

# COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Elizabeth Lane ("Lane") who was adversely affected by such practices. The Commission alleges that Lane was terminated from her position as a Corporate Human Resources Manager in retaliation for complaining about race discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended,

1

42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Georgia, Albany Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Crowe's Inc. (the "Defendant"), has continuously been a Georgia corporation doing business in the State of Georgia and the City of Albany, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lane filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 2010, Defendant has engaged in unlawful employment practices at its Albany, Georgia location, in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and §2000e-3(a), by discharging Lane in retaliation for engaging in protected activity, i.e., complaining internally about race and gender discrimination.

8. Lane began working for Crowe's, Inc. on December 1, 2007, as a Corporate Human Resources Manager.

9. As the HR Manager, one of Lane's duties was investigating employee EEO claims.

10. On or about July 22, 2010, one of Defendant's employees (the "complaining employee") filed an internal complaint of discrimination based on race.

11. By August 2, 2010, Lane had been assigned to conduct an investigation into the complaining employee's complaint and report her findings to Fred Sharpe, (owner and CEO) and/or Paula Norman (General Manager and CFO) as per company policy.

12. After completing the majority of her investigation Lane concluded that Norman had been subjecting the complaining employee to discrimination since 2006. Lane further determined that the complaining employee had been subjected to different terms and conditions of employment than her Caucasian counterparts.

13. On Thursday, August 12, 2010, Lane engaged in protected activity when she contacted Defendant's attorney and informed him that, based on her investigation, she believed that discrimination had occurred.

14. That same day, Lane also communicated the results of her investigation to Norman and reported that the complaining employee "had a case" of discrimination. Lane also advised Norman that the remedies the complaining employee had asked for were completely manageable.

15. Two business days later, on Monday August 16, 2010, Lane was called into a meeting with Norman and Defendant's owner, Sharpe. During the meeting Norman terminated Lane, explaining that her position had been eliminated.

16. The termination was in retaliation for Lane engaging in protected activity under Title VII as Defendant's articulated reasons for terminating Lane are pretextual.

4

17. The effect of the practice(s) complained of in paragraphs 7-16 above has been to deprive Lane of equal employment opportunities and otherwise adversely affect her status as an employee, because she engaged in protected activity.

18. The unlawful employment practices complained of in paragraphs 7-16 above were intentional.

19. The unlawful employment practices complained of in paragraphs 7-16 above, were done with malice or with reckless indifference to the federally protected rights of Lane.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against individuals who engage in protected activity.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Elizabeth Lane by providing appropriate back-pay with prejudgment interest, in amounts to be determined at

5

trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.     Order Defendant to make whole Lane by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses resulting from the retaliation, in amounts to be determined at trial.

E.     Order Defendant to make whole Lane by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.     Order Defendant to pay Lane punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

# JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                              Respectfully submitted,

                                              P. DAVID LOPEZ
                                              General Counsel

                                              JAMES L. LEE
                                              Deputy General Counsel

                                              GWENDOLYN YOUNG REAMS
                                              Associate General Counsel

| 9/23/2011 | *s/ Robert K. Dawkins* |
|---|---|
| Date | Robert K. Dawkins |
| | Regional Attorney |
| | Georgia Bar No. 076206 |
| | robert.dawkins@eeoc.gov |
| | |
| Chandra Davis | Ottrell Edwards |
| Trial Attorney | Supervisory Trial Attorney |
| Georgia Bar No. 141801 | Georgia Bar No. 141979 |
| chandra.davis@eeoc.gov | ottrell.edwards@eeoc.gov |

                                              U.S. Equal Employment Opportunity Commission
                                              Atlanta District Office
                                              100 Alabama St., SW, Suite 4R30
                                              Atlanta, Georgia 30303
                                              Telephone: (404) 562-6818
                                              Facsimile: (404) 562-6905